Ohio State Bar Association *v.* Gray.

[Cite as Ohio State Bar Assn. v. Gray, 1 Ohio St. 2d 97.]

(D. D. No. 65—Decided February 17, 1965.)

Mr. *Walter A. Porter,* Mr. *Paul Pusateri,* Mr. *John R. Welch* and Mr. *Harold E. Wonnell,* for relator.

Mr. *Philip J. Schneider* and Mr. *John J. Chester,* for respondent.

*Per Curiam.* It is undisputed that on September 30, 1961, respondent drew two checks payable to himself totaling $25,000 on an account in the Lebanon Citizens National Bank of Lebanon, Ohio, which he maintained as executor of the estate of Cora Brunk; that he deposited those checks in a personal checking account which he maintained in his own and his wife's names in the same bank; that immediately thereafter he drew a check (which was later certified) in the same amount of $25,000 against that personal account, payable to one William S. Edgemon; and that he delivered the certified check to Edgemon for purposes which were in dispute but need not be discussed here.

Respondent contends that these acts did not constitute "commingling" because the deposit to and the withdrawal from his personal account occurred simultaneously.

A deposit of trust funds in his own name by a trustee was condemned in *Smith et al., Trustees,* v. *Fuller,* 86 Ohio St. 57, 64 "because it is held to be a mingling of funds and thus a conversion from which liability usually follows."

Canon 11 condemns any practice by which the separate identity of the funds or property of the client or the trust from that of the attorney disappears, so that the former "may be used for the attorney's personal expenses or subjected to claims of his creditors." *Clark* v. *State Bar of California,* 39 Cal. 2d 161, 246 P. 2d 1.

If the payment to Edgemon had indeed constituted legitimate business of the estate, it could have been made in the form of a payment directly from the estate account. As it was, a presumption arose that respondent embarked on an excursion of his own, paid out of estate funds. Testimony that Edgemon agreed to deposit the check payable to him in another personal

account of respondent at The Fifth-Third Union Trust Company at Cincinnati served only to fortify this presumption and no other evidence was adduced to overcome it.

The findings of the board are supported by the evidence and its recommendation is warranted. Therefore, the objections are overruled, the report of the board is confirmed and judgment is rendered permanently disbarring respondent from the practice of law.

*Report confirmed and judgment accordingly.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissenting. Due to the advanced age of the respondent, his relative blindness from cataracts of each eye, accompanied by hepatitis which prevented an operation to remove the cataracts until April of 1962, which circumstance, his physician stated, "would certainly cloud his judgment, as far as I am concerned," together with his present physical illness and the facts that he practiced law for nearly 40 years without a blemish on his record and that there was no loss to the trust estate by reason of his improvident speculation, I believe that suspension of the respondent from the practice of law for an indefinite period is sufficient to meet the requirements of justice.