TOLEDO BAR ASSOCIATION *v.* JACOBS.

(D. D. No. 82—Decided March 20, 1968.)

*Mr. Charles E. Ide, Jr.*, and *Mr. Jamille G. Jamra*, for relator.

*Messrs. Cubbon & Rice, Mr. Frank W. Cubbon, Jr.*, and *Mr. Rankin M. Gibson*, for respondent.

*Per Curiam.* Respondent contends that his conduct in this case shows very bad judgment but does not amount to professional misconduct. The court is unable to agree with this contention.

Respondent pledged funds held in trust for a client to secure a loan to his cousin. Respondent commingled the client's funds with his own funds and those of other clients. The record supports the inference that respondent took no greater care of the trust funds of his other clients than he did of the receivership funds in this case. We find that the facts show two clear violations of Canon 11, *i. e.*, the unauthorized pledge and commingling of trust funds and a violation of Canon 32 in that he failed to conduct himself as an honest man.

Respondent challenges the board's authority to find that he violated Canon 6 by representing clients with conflicting interests without a full disclosure of his role to both parties. Relator's complaint did not charge such a violation, the complaint was not amended, and no evidence was introduced by relator for the purpose of proving a vio-

lation of Canon 6. In reaching our decision we have not considered the finding by the board that respondent violated Canon 6.

The report and recommendation of the board is hereby confirmed, and the respondent is suspended from the practice of law for an indefinite period.

*Report confirmed and judgment accordingly.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.