Columbus Bar Association *v.* Allison.
[Cite as Columbus Bar Assn. v. Allison, 20 Ohio St. 2d 147.]

(D. D. No. 98—Decided December 23, 1969.)

*Mr. Dean W. Palmer, Mr. Donald A. Davies* and *Mr. Donald H. Rathbun,* for relator.
*Mr. Earl W. Allison, in propria persona.*

*Per Curiam.* The relator, the Columbus Bar Association, instituted this proceeding before the Board of Commissioners on Grievances and Discipline. The complaint alleged that respondent commingled personal funds with those held by him in a fiduciary capacity, thereby violating Canon No. 11 of the Canons of Professional Ethics.

A hearing on the allegations against respondent was held on March 17, 1969, before a panel of the Board of Commissioners on Grievances and Discipline. After the hearing, the board found respondent guilty of violating Canon 11 and recommended that he be permanently disbarred from the practice of law, pursuant to Section 6(a) of Rule XVIII of the Rules of Practice of this court.

The findings of the Board were essentially as follows:

Commencing in 1965, respondent represented Mrs. Lois Rinehart Shelton in divorce proceedings, which resulted in a $25,000 settlement in favor of Mrs. Shelton. Pursuant to the settlement terms, respondent received a check for $10,000 payable to him in trust for Mrs. Shelton, which he deposited in a checking account styled "Earl W. Allison, Trust Account."

Respondent used the account, however, for the deposit of legal fees and for the payment of both personal and business expenses such as office rent, office expense, per-

sonal drawings, and payment of personal loan obligations.

Respondent admitted that technically he commingled the trust funds with his own personal funds but claimed that he was not, at that time, aware of any impropriety in his action. He asserted that, during the entire period in question, he maintained a cash fund in a safe at his home, the balance of which was at all times in excess of the amount he was required to hold in trust for Mrs. Shelton.

It is clear that full restitution of funds withdrawn from the trust account was made by respondent.

The Board of Commissioners on Grievances and Discipline found that respondent was guilty of a violation of Canon II of the Canons of Professional Ethics, and that the actions of respondent, therefore, constituted misconduct as defined in Section 5(a) of Rule XVIII of the Rules of Practice of this court.

After a careful examination of the record and briefs filed, this court finds that respondent was, by his own admission, guilty of commingling funds held by him in a fiduciary capacity. Such conduct constitutes a breach of Canon 11 of the Canons of Professional Ethics and as such is misconduct within Section 5(a) of Rule XVIII of the Rules of Practice.

The court feels, however, that owing to the fact that full restitution was made, the recommendation of the Board of Commissioners on Grievances and Discipline that respondent be permanently disbarred from the practice of law should be modified to a ruling that he be suspended from the practice of law for an indefinite period under Section 6(b) of Rule XVIII of the Rules of Practice.

Respondent's objections to the recommendation of the board are without merit and are overruled. The recommendation of the board is modified and confirmed as modified, and the respondent is suspended from the practice of law for an indefinite period.

*Judgment accordingly.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.