96

Toledo Bar Association *v.* Cone.

[Cite as Toledo Bar Assn. v. Cone (1970), 24 Ohio St. 2d 96.]

(D. D. No. 70-4—Decided December 2, 1970.)

Mr. Maurice D. O'Connell, Mr. Richard S. Baker and Mr. Walter M. Lehman, for relator.

Mr. William H. Cone, in propria persona.

*Per Curiam.* Respondent waived oral argument. In his brief, he does not deny that he failed promptly to inform his clients of his receipt of the settlement drafts or that he endorsed them, or caused them to be endorsed, on behalf of his clients without their knowledge, and claims no authority for so doing.

His chief defense is that he retained his clients' shares of the settlements at their specific request, and was to hold their funds until they notified him when and how they desired payment, and he so testified in the proceedings. The clients testified that they made no such request.

This being the state of the record, and the proceeding before us being a *de novo* hearing, it is incumbent upon us to search the entire record. *Cleveland Bar Assn.* v. *Fleck* (1961), 172 Ohio St. 467.

We find that there is a preponderance of credible evidence in the record to support our findings that respondent wrongfully negotiated the drafts; that he thereby obtained a bank check, which included funds belonging to his clients, in his own name; that he used the check to pay an obligation of a "friend," whose name he could not remember; that respondent's acts were without the consent or knowledge of his clients; and that such acts were deliberately intended by respondent at the time he obtained his clients' signatures to the releases.

We conclude that, by those acts, respondent commingled and used his clients' funds for his own purposes and took advantage of the confidence resposed in him by the clients in violation of Canon 11 of the Canons of Professional Ethics, as adopted by this court; that such acts violate respondent's duty as a lawyer to strive at all times to uphold the honor and maintain the dignity of the legal profession, as required by Canon 29; and that they constitute improper service to his clients, in violation of Canon 32.

We come now to the recommendation of the board that respondent be permanently disbarred from the practice of law.

Respondent's assertion of the availability of his

clients' funds, in cash in a safe in his home, even if true, does not satisfy the requirements of Canon 11, nor does it excuse his clear violation thereof.

In *Toledo Bar Assn.* v. *Illman* (1969), 18 Ohio St. 2d 122, 124, this court said: "... What is mandatory is strict accounting and absolute separation of the funds of the client from those of the lawyer." See *Ohio State Bar Assn.* v. *Gray* (1965), 1 Ohio St. 2d 97, 98.

Moreover, our findings necessarily encompass the fact that respondent blatantly lied to his clients, used their funds for his own personal advantage without authority therefor, and wrote a bad check in the process. The fact that he was able to, and did, make complete restitution more than a year thereafter does not justify or excuse his clearly unprofessional conduct.

Therefore, the report of the board is confirmed and judgment is rendered permanently disbarring respondent from the practice of law.

*Judgment accordingly.*

O'Neill, C. J., Schneider, Herbert, Duncan, Corrigan, Stern and Leach, JJ., concur.