DAYTON BAR ASSOCIATION *v.* WEINER.

(No. D. D. 74-6—Decided October 16, 1974.)

8

'DR 9-102 reads:

"PRESERVING IDENTITY OF FUNDS AND PROPERTY OF A CLIENT.

"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

"(B) A lawyer shall:

"(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

"(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

14

*Mr. Richard G. Snell* and *Mr. Fred M. Izenson*, for relator.

*Mr. Horace W. Baggott* and *Mr. Raymond A. White*, for respondent.

*Per Curiam.* We have examined the record of the testimony taken at the hearing before the Board of Commissioners on Grievances and Discipline and the exhibits presented by both relator and respondent. After a careful analysis of such evidence as to each count passed upon by the board, this court agrees that the record amply supports the findings of the board that respondent has violated the provisions of Canon 1, DR 1-102(A)(5); Canon 2, DR 2-106 (A); Canon 2, DR 2-110(A)(2); and Canon 9, DR 9-102, and that, therefore, respondent is guilty of misconduct as defined in Gov. R. V(5)(b).

We affirm the findings of the board and overrule respondent's objections thereto.

We come now to the recommendation of the board that respondent be suspended for an indefinite period from the practice of law pursuant to Gov. R. V(6)(b). In our review of the whole record, and in consideration of respond-

ent's objections and contentions, we find no facts in mitigation or justification of his actions.

Therefore, the findings and report of the Board of Commissioners on Grievances and Discipline are confirmed, and it is the judgment of this court, pursuant to Gov. R. V(6)(b), that respondent, Dan D. Weiner, be suspended for an indefinite period from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.