COLUMBUS BAR ASSOCIATION *v.* TUTTLE.

(D. D. No. 74-13—Decided March 12, 1975.)

*Mr. Richard L. Loveland, Mr. Richard V. Patchen* and *Mr. Daniel F. Carmack,* for relator.

*Mr. William W. Johnson* and *Mr. Charles E. Brown,* for respondent.

*Per Curiam.* As the Supreme Court of California so cogently stated: "The rule against commingling 'was adopted to provide against the probability in some cases, the

possibility in many cases, and the danger in all cases that such commingling will result in the loss of clients' money.' " *Clark* v. *State Bar* (1952), 39 Cal. 2d 161, 168, 246 P. 2d 1.

It has been the consistent practice of this court in recent years to impose a penalty of indefinite suspension or of disbarment in cases involving commingling of funds.[*]

Such is, in our opinion, necessary, in order to ensure that the interests of the public are protected and to require that lawyers maintain a degree of personal and professional integrity of the highest standard.

For those reasons, the recommendation of the board is modified, and respondent is hereby suspended from the practice of law for an indefinite period under Gov. R. V (6) (b) of this court.

*Judgment accordingly.*

O'NEILL, C. J., STEPHENSON, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

P. BROWN, J., dissents.

STEPHENSON, J., of the Fourth Appellate District, sitting for HERBERT, J.

PAUL W. BROWN, J., dissenting. The majority recites that a hearing on the allegations of the complaint was held on August 22, 1974, before a panel of the Board of Commissioners on Grievances and Discipline.

It must be clearly noted that no evidence was introduced at that hearing other than the stipulation to which reference is made. All the evidence bearing upon the con-

---

[*]*Dayton Bar Assn.* v. *Weiner* (1974), 40 Ohio St. 2d 7; *Ohio State Bar Assn.* v. *Kahn* (1974), 40 Ohio St. 2d 15; *Toledo Bar Assn.* v. *Ishler* (1974), 39 Ohio St. 2d 33; *Toledo Bar Assn.* v. *Cone* (1970), 24 Ohio St. 2d 96; *Columbus Bar Assn.* v. *Allison* (1969), 20 Ohio St. 2d 147; *Toledo Bar Assn.* v. *Illman* (1969), 18 Ohio St. 2d 122; *Toledo Bar Assn.* v. *Jacobs* (1968), 13 Ohio St. 2d 147; *Cleveland Bar Assn.* v. *O'Malley* (1967), 12 Ohio St. 2d 35; *Cleveland Bar Assn.* v. *Hamilton* (1966), 6 Ohio St. 2d 264; *Ohio State Bar Assn.* v. *Rekeweg* (1966), 6 Ohio St. 2d 128; *Ohio State Bar Assn.* v. *Gray* (1965), 1 Ohio St. 2d 97,

clusions of the panel, that the respondent was guilty of commingling funds and of a resultant use of his client's funds for his own purposes, must be garnered from the four corners of that stipulation.

In so doing, we note that the facts stated as being in extenuation or mitigation were included, not for that purpose but as factual, agreed determinations that the respondent acted in good faith in making loans from the Koch estate believing he had power to do so under the will and that the "trust shortages were the result of improper bookkeeping practices." It was clearly asserted in the stipulation by agreement of all concerned that "there was no evidence of any intention to defraud."

The stipulated explanations of the recited conduct, in my opinion, exclude all possibility of a valid conclusion that respondent violated either the Code of Professional Responsibility or his oath of office as an attorney. I can not agree that designating part of the evidence as being "in extenuation" can render the balance of the stipulated evidence conclusive upon the question of whether the respondent was guilty of commingling funds and violating his oath of office. There is no fact in the stipulation from which it can be concluded that the purpose of Mr. Tuttle, in making the investment for the estate, was nefarious.

I can not believe that this court, in safeguarding the public interest, must impose so severe a penalty upon an attorney-executor under these circumstances. The notes were listed in an account and disallowed as authorized investments. There was no concealment; there was no loss. There was no scheme or plan shown to benefit from the manipulation of trust funds.

The Board of Commissioners on Grievances and Discipline is as interested in maintaining the highest standards of professional integrity as are the members of this court. They properly decided that the investigation of respondent's actions in the two instances which were brought to its attention did not demonstrate conduct which required more than a public reprimand.