AKRON BAR ASSOCIATION *v.* HUGHES

[Cite as Akron Bar Assn. v. Hughes (1976),
46 Ohio St. 2d 369.]

(D. D. No. 76-1—Decided June 16, 1976.)

Mr. John M. Ulman, Mr. Charles F. Scanlon and Mr. Ernest W. Teodosio, for relator.

Mr. Fred J. Milligan, Jr., for respondent.

Per Curiam. We have carefully examined the record of the testimony taken and the evidence adduced at the hearing before the Board of Commissioners on Grievances and Discipline. Our analysis of such evidence reveals that the record amply supports the findings of the board that respondent has violated the provisions of Canon 1, DR 1-102(A) (1), (3) and (4), and, therefore, is guilty of misconduct as defined in Gov. R. V(5) (a).

In upholding the findings of the board, we recognize that respondent, in his brief before this court, argued that the monies he disbursed for his personal expenses from the funds belonging to the Pettys, and reposed within his con-

trol, represented fees earned by him as a result of his representation of the Pettys. In this regard, respondent testified that he had made a verbal agreement with Earl B. Petty, Sr., that he would be paid a fee of $15,000 for his services, which he could collect from time to time by siphoning the funds entrusted to him by the Pettys. This testimony is unrefuted. Respondent, however, testified further that he later agreed to reduce his fee first, to $12,000, and then to $10,000. Apparently, respondent's basic contention is that he did not expend any more of his client's funds than he was entitled to as his fee, and, therefore, he is not guilty of commingling.

Examination of the record, however, indicates that respondent's objection in this regard is unsupported. Assuming, *arguendo*, the accuracy of respondent's assertion as a matter of law, it is clear that respondent did commingle funds, did expend such funds for his own use, and did further appropriate more money than he was entitled to as his fee.

We, therefore, affirm the findings of the board and overrule respondent's objections thereto.

We come now to the recommendation of the board that respondent be suspended from the practice of law for an indefinite period pursuant to Gov. R. V(6) (b). Respondent maintains that the recommendation of the board is unduly harsh under the circumstances of this case, especially in light of the fact that the matter giving rise to the instant disciplinary proceeding was his first case as a lawyer.

We are unable to find facts in mitigation or justification of respondent's actions. At the time that respondent applied to take the bar examination in this state he certified that he "has read and studied the Code of Professional Responsibility adopted by this court." See Gov. R. I(4) (A) (a). He cannot now be heard to complain that he was unfamiliar with the rules of ethics relating to the handling of money belonging to a client.

Moreover, it has been the consistent practice of this court in recent years to impose a penalty of either inde-

finite suspension[1] or of disbarment[2] in cases involving commingling of funds. As we stated recently in *Columbus Bar Assn.* v. *Tuttle* (1975), 41 Ohio St. 2d 183, 185, "[s]uch is, in our opinion, necessary, in order to ensure that the interests of the public are protected and to require that lawyers maintain a degree of personal and professional integrity of the highest standards."

For the foregoing reasons, the recommendation of the board is adopted, and the respondent is suspended from the practice of law for an indefinite period.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

[1] See, *e. g., Columbus Bar Assn.* v. *Tuttle* (1975), 41 Ohio St. 2d 183; *Toledo Bar Assn.* v. *Ishler* (1974), 39 Ohio St. 2d 33; *Columbus Bar Assn.* v. *Allison* (1969), 20 Ohio St. 2d 147; *Toledo Bar Assn.* v. *Illman* (1969), 18 Ohio St. 2d 122; *Toledo Bar Assn.* v. *Jacobs* (1968), 13 Ohio St. 2d 147; *Cleveland Bar Assn.* v. *O'Malley* (1967), 12 Ohio St. 2d 35; *Cleveland Bar Assn.* v. *Hamilton* (1966), 6 Ohio St. 2d 264.

[2] See, *e. g., Ohio State Bar Assn.* v. *Kahn* (1974), 40 Ohio St. 2d 15; *Toledo Bar Assn.* v. *Cone* (1970), 24 Ohio St. 2d 96; *Ohio State Bar Assn.* v. *Rekeweg* (1966), 6 Ohio St. 2d 128; *Ohio State Bar Assn.* v. *Gray* (1965), 1 Ohio St. 2d 97.