OHIO STATE BAR ASSOCIATION *v.* TALBOTT.

[Cite as Ohio State Bar Assn. v. Talbott (1979), 59 Ohio St. 2d 76.]

(D. D. No. 79-11—Decided July 18, 1979.)

---

78

79

*Mr. John R. Welch, Mr. Albert L. Bell, Mr. James J. Gilvary,* and *Mr. Kenneth F. Seibel,* for relator.

*Per Curiam.* A thorough reading of the record only emphasizes the grossness of the unprofessional manner in which this respondent carried on her law practice, and dealt shoddily with her clients, the courts of Ohio, and her fellow practitioners.

Here, the allegations of the complaint, which are fully supported by the evidence in the record, are not of a single isolated incident in one county but, rather, affected directly a number of clients, several courts, attorneys in several counties, numerous creditors, and others.

The actions of this respondent attorney have shown a marked degree of disregard, disdain and disrespect, if not downright contempt, for the court system, its judges, staff and fellow practitioners.

Of greater import, however, in regard to the charges against this respondent, are the violations of her professional responsibilities to her clients. She received monies from her clients and failed to use such funds for their designated purpose. She failed to properly identify funds belonging to her clients, failed to maintain records of those funds, and failed to deliver them back to her clients.

The respondent accepted legal fees from clients, yet performed little or no service in return. On a number of occasions, as shown by the evidence, respondent disregarded filing times and court procedures, leaving proceedings pending and uncompleted. In the course of her misconduct, she has caused her clients a great deal of inconvenience.

Respondent's failure to either answer the complaint or appear at the hearing of this matter is only further proof of her complete disregard for her professional status.

The conduct of respondent has been shown by relator to be directly in violation of a number of provisions of the Code of Professional Responsibility. Further, her relationship with, and conduct toward her clients, the courts, and her fellow practitioners has been so abysmally low in quality as to reflect adversely upon the legal profession.

At this juncture in the history of the legal profession, when so many members of the bench and bar are striving to upgrade the reputation of the profession, we must not be hesitant to invoke the full measure of censure for those who flagrantly violate the standards of professionalism designed to protect the public.

Here, all the evidence supports the charges levied against the respondent. The board of commissioners recommends that respondent be indefinitely suspended from the practice of law. However, because of the grossness of respondent's misconduct, we concur in the recommendation of relator, and order that respondent be hereby permanently disbarred.

*Judgment accordingly.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.