TOLEDO BAR ASSOCIATION *v.* MCCREERY.

[Cite as Toledo Bar Assn. v. McCreery (1982),
69 Ohio St. 2d 359.]

(D.D. No. 81-19—Decided February 24, 1982.)

Mr. *Robert G. Clayton, Jr., Mr. Carl F. Dorcus* and *Mr. Frank E. Kane,* for relator.

Mr. *Milton McCreery,* pro se.

*Per Curiam.* In *Columbus Bar Assn.* v. *Tuttle* (1975), 41 Ohio St. 2d 183, 184-85, this court stated:

"As the Supreme Court of California so cogently stated, 'The rule against commingling "was adopted to provide against the probability in some cases, the possibility in many cases, and the danger in all cases that such commingling will result in the loss of clients' money." ' *Clark* v. *State Bar* (1952), 39 Cal. 2d 161, 168, 246 P. 2d 1.

"It has been the consistent practice of this court in recent years to impose a penalty of indefinite suspension or of disbarment in cases involving commingling of funds.

"Such is, in our opinion, necessary, in order to ensure that the interests of the public are protected and to require that lawyers maintain a degree of personal and professional integrity of the highest standard."

The respondent does not challenge any of the findings made by the board. He merely asserts that he has paid a portion of the money back to the estate.

We concur in the recommendation of the board, and respondent is hereby permanently disbarred from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, PATTON, C. BROWN and KRUPANSKY, JJ., concur.

PATTON, J., of the Eighth Appellate District, sitting for HOLMES, J.