BUTLER COUNTY BAR ASSOCIATION *v.* GREEN.
OHIO STATE BAR ASSOCIATION *v.* GREEN.

[Cite as Butler Cty. Bar Assn. *v.* Green (1982), 1 Ohio St. 3d 48.]

(D.D. Nos. 82-6 and 82-7—Decided July 21, 1982.)

Mr. *Thomas W. Baden* and Mr. *Stanley D. Rullman,* for relator in D.D. No. 82-6.

Mr. *John R. Welch,* Mr. *Albert L. Bell,* Mr. *Leonard A. Weakley* and Mr. *Charles E. Ide, Jr.,* for relator in D.D. No. 82-7.

Messrs. *Rathman, Elliott, Boyd & Valen* and Mr. *George H. Elliott,* for respondent in D.D. Nos. 82-6 and 82-7.

*Carl Morgenstern Co., L.P.A.,* Mr. *Carl Morgenstern* and Mr. *Roger Gates,* for respondent in D.D. No. 82-7.

*Per Curiam.* DR 1-102 of the Code of Professional Responsibility provides, in part, as follows:

"(A) A lawyer shall not:

"* * *

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"(5) Engage in conduct that is prejudicial to the administration of justice.

"(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

DR 9-102 provides, in part:

"All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank ac-

counts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"* * *

"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved."

The record in D.D. No. 82-6 reveals that respondent did withdraw $9,000 from the estate checking account as fees without prior agreement with his client. Such conversion of a client's funds to the personal use of the attorney is in violation of DR 1-102(A)(4), (5) and (6) and DR 9-102(A)(2). *Ohio State Bar Assn.* v. *Weaver* (1975), 41 Ohio St. 2d 97 [70 O.O.2d 175]; *Akron Bar Assn.* v. *Hughes* (1976), 46 Ohio St. 2d 369 [75 O.O.2d 446]; *Columbus Bar Assn.* v. *Amos* (1980), 62 Ohio St. 2d 256 [16 O.O.3d 287].

This court concurs with the findings and conclusions of the board in that respondent violated the foregoing Disciplinary Rules in D.D. No. 82-6.

Furthermore, after a careful examination and review of the entire record in D.D. No. 82-7, this court concurs with the finding of the board that respondent deposited funds of his client in a general office banking account and not in an identifiable bank account, and used those funds to meet general personal obligations and obligations of his law office. Accordingly, we find that respondent violated DR 9-102(A)(2) of the Code of Professional Responsibility. *Toledo Bar Assn.* v. *Illman* (1969), 18 Ohio St. 2d 122 [47 O.O.2d 280]; *Columbus Bar Assn.* v. *Tuttle* (1975), 41 Ohio St. 2d 183 [70 O.O.2d 341]; *Ohio State Bar Assn.* v. *Willard* (1977), 50 Ohio St. 2d 3 [4 O.O.3d 34].

It is the judgment of this court that for the disciplinary violations in D.D. Nos. 82-6 and 82-7 respondent be suspended indefinitely from the practice of law in this state, and it is so ordered.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN, and KRUPANSKY, JJ., concur.