OFFICE OF DISCIPLINARY COUNSEL *v.* BELL.

[Cite as Disciplinary Counsel *v.* Bell (1984), 15 Ohio St. 3d 118.]

(D.D. No. 84-25—Decided December 31, 1984.)

*Mr. Angelo J. Gagliardo,* disciplinary counsel, and *Ms. Karen B. Hull,* for relator.

*Blakemore, Rosen, Meeker & Varian* and *Mr. Donald S. Varian, Jr.,* for respondent.

*Per Curiam.* Respondent's objections to the board's recommendations are principally that his conduct did not involve moral turpitude, that his conduct was not fraudulent, and that the charges against him were merely cumulative.

We are satisfied that respondent's conviction for falsification under R.C. 2921.13 represents illegal conduct involving moral turpitude. The gravamen of a violation of R.C. 2921.13 is that a person knowingly makes a false statement. Here, respondent knowingly made a false statement in a judicial proceeding with the obvious purpose to mislead the court. We are unpersuaded by respondent's contention that such a transgression is not one of moral turpitude. To deliberately falsify documents under any circumstance is immediately morally suspect. For an attorney to deliberately falsify documents in a judicial proceeding in an attempt to avoid disclosure of exorbitant fees and questionable payments is manifestly contrary to the professional qualities of honesty, justice, and good character. We conclude, therefore, that commission of a violation of R.C 2921.13 under the circumstances presented by the case at bar constitutes "illegal conduct involving moral turpitude."

Respondent next argues that his conduct was not fraudulent. The board found that "[r]espondent caused to be filed an account in the Sum-

mit County Probate Court which was false." Respondent does not dispute that particular finding but insists that since he made a subsequent full disclosure to the probate court, he lacked the intent to defraud. Contrary to respondent's position, the record amply supports the board's finding that, in intentionally submitting two false accountings to the probate court, respondent's conduct was fraudulent. Respondent's argument in this regard is thus without merit.

Respondent additionally suggests that a number of the charges against him are based on the same set of facts and are thus cumulative in nature. In our view, each and every violation found by the board is adequately supported by the record. As such, we uphold the board's decision that respondent's conduct constituted numerous violations of the Code of Professional Responsibility.

Nonetheless, we decline to adopt the board's recommendation that respondent be permanently disbarred. It is the view of this court that respondent's conduct was reprehensible, inexcusable, and a grave breach of his ethical responsibilities. Respondent as much as admits that his actions represent an attempt to prey upon and profit from the eagerness of a couple to adopt a child. In mitigation, respondent has submitted documentation from professional colleagues, and personal references as well, attesting to respondent's good character, trustworthiness, and willingness to devote time and resources to worthy causes. The record does not indicate respondent is as altruistic as his references would attest, thus, an indefinite suspension is warranted.

Accordingly, the findings of the board are adopted and respondent is hereby indefinitely suspended from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I dissent from the judgment of the majority in this disciplinary matter in that it is my honest conviction that the violations of the Code of Professional Responsibility perpetrated by the respondent are of a grave nature involving moral turpitude. They not only involved the falsification of public reporting to the judiciary, but involved both fraud upon that judicial system and the public being served by such system. Even more grievous, in my opinion, is this respondent's most deplorable utilization of his cloak of professionalism to ply his trade upon these couples eagerly anticipating the adoption of children, and charging exorbitant commercial-type fees to accomplish their honest parental desires.

I would strongly recommend permanent disbarment.