DAYTON BAR ASSOCIATION *v.* GROSS.

[Cite as Dayton Bar Assn. *v.* Gross (1985), 17 Ohio St. 3d 206.]

(D.D. No. 84-47—Decided June 5, 1985.)

*Smith & Schnacke* and *Steven K. Dankof,* for relator.
*Henry L. Gross, pro se.*

*Per Curiam.* The Dayton Bar Association has advocated throughout this entire proceeding that respondent be permanently disbarred. Relator characterizes respondent as "unremorseful" and "beyond rehabilitation" and his conduct as intentional, fraudulent, and egregious. Respondent has offered numerous defenses and excuses for his conduct, insisting that a minimal penalty be imposed. We have carefully reviewed the record and find respondent's arguments without merit. For the following reasons, we adopt the findings of the board. However, unlike the board, we agree with the relator that respondent should be permanently disbarred.

With respect to Count I, respondent has admitted that he commingled Allen's funds with his own. This commingling of funds clearly constitutes a violation of DR 9-102(A). In *Disciplinary Counsel* v. *Morton* (1983), 5 Ohio St. 3d 206, 208, this court stated: "* * * There are few ethical breaches which impact more negatively on the integrity of the legal profession than the misuse of a client's funds." In *Toledo Bar Assn.* v. *Gruhler* (1985), 16 Ohio St. 3d 5, 6, we added: "This court's disciplinary decisions make it quite clear that misuse of client funds by attorneys will not be tolerated." In fact, in recent years this court has articulated a consistent policy of imposing either indefinite suspension or permanent disbarment in cases involving the commingling or other misuse of client funds. See, *e.g., Columbus Bar Assn.* v. *Bryant* (1984), 15 Ohio St. 3d 25; *Disciplinary Counsel* v. *Shaw* (1984), 15 Ohio St. 3d 125; *Columbus Bar Assn.* v. *Cohodes* (1984), 9 Ohio St. 3d 83; *Bar Assn. of Greater Cleveland* v. *Schnittger* (1983), 3 Ohio St. 3d 26; *Butler Cty. Bar Assn.* v. *Green* (1982), 1 Ohio St. 3d 48; *Toledo Bar Assn.* v. *McCreery* (1982), 69 Ohio St. 2d 359 [23 O.O.3d 322]; *Akron Bar Assn.* v. *Hughes* (1976), 46 Ohio St. 2d 369 [75 O.O.2d 466]; and *Columbus Bar Assn.* v. *Tuttle* (1975), 41 Ohio St. 2d 183 [70 O.O.2d 341].

Our review of the record reveals that respondent's misconduct entailed the commingling of Allen's funds with his own, as well as the ongoing conversion of those funds. Thus, we are in complete agreement with the board's findings as to Count I.

We are convinced that respondent's actions violated DR 7-102(A)(5) as alleged in Count II. This Disciplinary Rule prohibits an attorney from knowingly making a false statement of law or fact in the representation of a client. Allen's denial that he signed a release withdrawing his ethics complaint shows that respondent either forged or fraudulently induced his client's signature on that document. These actions, and respondent's subsequent denial of them, are violative of the cited Disciplinary Rule as determined by the board. In addition, respondent's actions contravened DR 1-102(A)(4) which prohibits a lawyer from engaging in any conduct involving dishonesty, fraud, deceit, or misrepresentation.

In Count III, relator alleged that respondent wrote a check on insufficient funds. Although respondent claimed that his actions were taken in good faith and that he "made good on the check within the week," this contention, even if accepted as true, is still not sufficient to absolve respondent from responsibility for violating the Disciplinary Rules. Cf. *Columbus Bar Assn.* v. *Thompson* (1982), 69 Ohio St. 2d 667 [23 O.O.3d 541]. Thus, we concur with the findings of the board that respondent violated DR 7-101(A)(2) and 7-102(A)(5).

In Count IV, the board determined that respondent prepared and submitted a fraudulent Medicaid application for Allen in contravention of DR 1-102(A)(1), (3), (4) and (6), and 7-102(A)(2) and (5). This court has consistently imposed the penalty of indefinite suspension in cases involving the falsification of documents. See, *e.g., Disciplinary Counsel* v. *Bell* (1984), 15 Ohio St. 3d 118; *Columbus Bar Assn.* v. *Amos* (1980), 62 Ohio St. 2d 256 [16 O.O.3d 287]; and *Cuyahoga Cty. Bar Assn.* v. *Whitaker* (1975), 42 Ohio St. 2d 1 [71 O.O.2d 1]. Our examination of the record indicates that respondent's actions were contrary to both the Disciplinary Rules and the case law dealing with the falsification of documents. We also find that respondent acted improperly in the receipt and handling of Allen's Social Security checks. We therefore agree with the findings of the board as to this count.

In Counts V and VI, respondent was accused of neglecting a legal matter entrusted to him by a client and accepting a retainer fee without performing professional services. In comparable cases, this court has imposed the penalty of indefinite suspension. See, *e.g., Clermont Cty. Bar Assn.* v. *Meeker* (1984), 14 Ohio St. 3d 21; *Cincinnati Bar Assn.* v. *Ebel* (1983), 5 Ohio St. 3d 145; *Mahoning Cty. Bar Assn.* v. *Kelly* (1983), 4 Ohio St. 3d 188; *Dayton Bar Assn.* v. *Moore* (1982), 2 Ohio St. 3d 11; and *Cincinnati Bar Assn.* v. *McConnell* (1981), 68 Ohio St. 2d 60 [22 O.O.3d 263]. Despite ample notice of an impending trial date, respondent failed to appear in court on behalf of Thompson, thereby causing a default judgment to be entered against her.

Respondent also accepted a $50 retainer fee from Ivy, though he neglected to prepare the requested power of attorney. Respondent has offered no credible evidence rebutting these charges.[2] We therefore agree with the board that, under these facts, respondent violated DR 2-110(A)(2), 6-101(A)(3) and 7-101(A)(2).

We are cognizant of the fact that respondent's actions, standing individually, may not justify permanent disbarment. In similar situations, such separate violations typically have been punished by the imposition of an indefinite suspension, although permanent disbarment has been imposed when warranted by the circumstances of the case. Though the board has recommended indefinite suspension, we are not bound by the board's recommendation, and have, on occasion, imposed a more stringent penalty than that recommended by the board. See, *e.g., Butler Cty. Bar Assn.* v. *Green, supra; Lake Cty. Bar Assn.* v. *Needham* (1981), 66 Ohio St. 2d 116 [20 O.O.3d 102]; *Cincinnati Bar Assn.* v. *Fennell* (1980), 63 Ohio St. 2d 113 [17 O.O.3d 68]; *Ohio State Bar Assn.* v. *Stimmel* (1980), 61 Ohio St. 2d 316 [15 O.O.3d 389]; *Ohio State Bar Assn.* v. *Talbott* (1979), 59 Ohio St. 2d 76 [13 O.O.3d 64]; and *Columbus Bar Assn.* v. *Tuttle, supra.* Thus, the reprehensible nature of respondent's actions, when viewed cumulatively, mandates that respondent be permanently disbarred from the practice of law in this state.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

[2] Subsequent to the hearing before the board, respondent produced two letters which purported to timely inform Thompson of respondent's decision to withdraw as counsel and allegedly expressed to Ivy respondent's inability to complete the power of attorney and his desire to return the retainer fee. Respondent completely failed to establish the validity of these letters, which were never received by the respective parties. For this reason, and because the letters are not properly part of the record, they are afforded no evidentiary weight in the present proceeding.