COLUMBUS BAR ASSOCIATION *v.* KOSTELAC.

[Cite as *Columbus Bar Assn. v. Kostelac* (1997), ___ Ohio St.3d ___.]

*Attorneys at law — Misconduct — Two-year suspension with eighteen months of sanction stayed — Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation — Failing to maintain complete record of all client funds coming into lawyer's possession.*

(No. 97-1276 — Submitted August 26, 1997 — Decided December 31, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-40.

Respondent, Gregory M. Kostelac of Columbus, Ohio, Attorney Registration No. 0018124, has been engaged in the practice of law since 1981 primarily in collection work. For many years respondent maintained two operating bank accounts for his law practice and an IOLTA (interest on lawyer's trust account). In early 1994, the banks closed respondent's two operating accounts because he consistently failed to maintain a sufficient balance in the accounts to enable them to honor the checks he wrote. Until mid-1995, respondent used his IOLTA account as both his operating account and a client trust account and did not keep an accurate record of deposits to and disbursements from that account.

On May 19, 1995, respondent collected $2,680.27 for his client, Steve Csiszarik, and deposited the entire amount in his IOLTA account. From this account, respondent issued a check in the amount of $1,768.98 to Csiszarik, and a check in the amount of $911.29 to Kelly A. Diebel, an attorney associated with respondent, for services. Csiszarik deposited his check, but it was dishonored for insufficient funds. Csiszarik, in the meantime, relying on the validity of

respondent's check, wrote a number of checks on the account in which he had deposited respondent's check. One of Csiszarik's checks bounced. Ultimately, Csiszarik was not harmed by respondent's conduct. However, Diebel, becoming aware of the situation, filed a grievance with the relator, Columbus Bar Association.

In August 1990, respondent undertook to represent Alberta L. Kirk, as executor of the estate of Margaret F. Jewell. During the administration of the estate, respondent failed to distribute estate funds promptly because he had used a portion of the estate money for his own purposes. Respondent did eventually transmit all estate proceeds to Kirk.

On March 20, 1996, relator filed a complaint against respondent charging, among other things, that in his actions with respect to Csiszarik, respondent violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 9-102(B)(4) (failing to pay to a client the funds to which the client is entitled). The relator also charged that with respect to his handling of the Kirk matter, respondent violated DR 1-102(A)(4), 9-102(B)(3), and 9-102(B)(4). Respondent filed an answer admitting the violation of DR 9-102(B)(4) with respect to the grievance filed by Csiszarik, but denying the violation of DR 1-102(A)(4). In his answer, respondent denied relator's allegations with respect to the Kirk matter.

A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board') held a hearing on April 18, 1997. The panel found the facts as alleged and found further, in mitigation, that respondent acknowledged his errors, attended three hours of continuing legal education on the use of trust funds, and not only paid Csiszarik the $1,768.98, but also refunded all attorney fees which he had charged. The panel concluded that in both the Csiszarik and Kirk

2

matters respondent had violated DR 1-102(A)(4) and 9-102(B)(3) (failing to maintain a complete record of all client funds coming into a lawyer's possession) and (4), and recommended, on the basis of an agreement by the relator and the respondent, that respondent be suspended from the practice of law for six months and that immediately thereafter he be placed on supervised probation for eighteen months. The board adopted the findings and conclusions of the panel and recommended that respondent be suspended from the practice of law for two years, with eighteen months of the suspension stayed, and that after the six-month actual suspension, respondent be placed on probation for eighteen months.

––––––––––––––––––

*Janice M. Bernard* and *Bruce A. Campbell,* for relator.

*Gregory M. Kostelac, pro se.*

––––––––––––––––––

***Per Curiam.*** DR 9-102 is clear. Subsections (B)(3) and (4) of the rule require a lawyer to maintain a complete accounting for all funds coming into his possession and promptly to deliver to a client funds which the client is entitled to receive.

This rule is designed to limit the prospect for, or temptation to, use client funds to the client's detriment. See *Toledo Bar Assn. v. McCreery* (1982), 69 Ohio St.2d 359, 23 O.O.3d 322, 432 N.E.2d 209. The rule not only protects clients, but motivates lawyers to avoid even the appearance of impropriety. Thus, we have held that even where the client suffers no harm, an attorney's commingling of his own funds with client funds or the attorney's use of client funds for operating expenses is subject to sanction. *Akron Bar Assn. v. Hughes* (1976), 46 Ohio St.2d 369, 75 O.O.2d 446, 348 N.E.2d 712; *Columbus Bar Assn. v. Thompson* (1982), 69 Ohio St.2d 667, 23 O.O.3d 541, 433 N.E.2d 602.

While we are concerned that at one time respondent used his client trust account as an operating account, relator did not charge respondent with a violation of DR 9-102(A) (funds of clients paid to a lawyer shall be deposited in an identifiable bank account in which no funds of the lawyer shall be deposited). Relator, however, did prove that respondent maintained the kind of accounting for his own and his clients' funds which we characterized in *Disciplinary Counsel v. Kick* (1986), 28 Ohio St.3d 91, 93, 28 OBR 187, 188, 502 N.E.2d 640, 642, as "dismal." Relator also charged and proved that in the Kirk matter respondent did not promptly pay to his client the funds to which she was entitled.

We therefore accept the findings, conclusions, and recommendation of the board. The malefactions in *Disciplinary Counsel v. Kick* warranted suspension. We therefore suspend respondent from the practice of law for two years with eighteen months of the suspension stayed. After the six-month actual suspension, respondent shall be on probation for eighteen months under the supervision of relator. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

4