CINCINNATI BAR ASSOCIATION *v.* EDWARDS.

[Cite as *Cincinnati Bar Assn. v. Edwards* (1998), 81 Ohio St.3d 72.]

(No. 97–1751—Submitted October 7, 1997—Decided February 18, 1998.)

*Howard M. Schwartz,* for relator.

*John A. Burlew,* for respondent.

**Per Curiam.** DR 9–102(A) requires that all funds of a client paid to a lawyer be deposited in a bank account in which no funds of the lawyer are deposited. In this case respondent deposited the funds of his clients in his one and only bank account, and not only failed to maintain any record or accounting of those funds, but also used the funds for his own office and personal expenses. These actions were tantamount to a conversion of the clients' funds.

"There are few ethical breaches which impact more negatively on the integrity of the legal profession than the misuse of a client's funds." *Disciplinary Counsel v. Morton* (1983), 5 Ohio St.3d 206, 208, 5 OBR 420, 423, 450 N.E.2d 275, 277 (collecting cases where the sanction was from one year to indefinite suspension). In *Morton* we imposed a sanction of one-year suspension where the misconduct represented "an isolated incident of mismanagement." *Id.* at 209, 5 OBR at 423, 450 N.E.2d at 278. In *Erie–Huron Counties Joint Certified Grievance Commt. v. Miles* (1996), 76 Ohio St.3d 574, 669 N.E.2d 831, we also imposed a one-year suspension where funds were commingled, even though there may have been no monetary damage to the client. Two decades ago we said that "it has been the

consistent practice of this court in recent years to impose a penalty of either indefinite suspension or of disbarment in cases involving commingling of funds." *Akron Bar Assn. v. Hughes* (1976), 46 Ohio St.2d 369, 372–373, 75 O.O.2d 446, 448, 348 N.E.2d 712, 715 (collecting cases where the sanction was indefinite suspension or disbarment). In *Hughes* we found no mitigating circumstances and imposed an indefinite suspension.

In this case, because there appear to be some mitigating circumstances, we adopt the findings, conclusions, and recommendations of the board. Respondent is hereby suspended from the practice of law for eighteen months with the final year stayed, during which year the respondent shall be subject to monitoring by relator, including education in proper office management. Moreover, as a condition of his reinstatement, respondent shall make restitution to Amos and Smith in the amount of $4,000 with statutory interest from a date as determined by relator. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

---

COOK, J., **dissenting.** I respectfully dissent. Because respondent failed to account to his clients for funds received on their behalf and lied to them about what he had collected, this is not a "bad bookkeeping practices" case. It is a case of stealing from clients. This sort of conduct goes to the essence of character and fitness and no amount of "distraction" or health issues should be seen as mitigating. I would, therefore, impose the full eighteen-month suspension.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.