OFFICE OF DISCIPLINARY COUNSEL *v.* WILLIAMS.

[Cite as *Disciplinary Counsel v. Williams* (1999), 84 Ohio St.3d 392.]

(No. 98–1797—Submitted October 28, 1998—Decided January 13, 1999.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *John K. McManus,* Assistant Disciplinary Counsel, for relator.

*Larry Thomas,* for respondent.

394

**_Per Curiam._**   We adopt the findings, conclusions, and recommendation of the board.   Respondent's misconduct, including his misuse of client funds and his federal felony conviction, represents a serious ethical breach that establishes his present unfitness to practice law in Ohio.   See, _e.g._, _Cincinnati Bar Assn. v. Edwards_ (1998), 81 Ohio St.3d 72, 73, 689 N.E.2d 535, 536.   The record, however, also exhibits his full cooperation with the law enforcement and disciplinary investigations, his willingness to make full restitution, his remorse, and his potential for rehabilitation.   Under these circumstances, the recommendation of relator and the board of an indefinite suspension is appropriate.   _Disciplinary Counsel v. Stanford_ (1993), 66 Ohio St.3d 39, 41, 607 N.E.2d 830, 831; see, also, _Disciplinary Counsel v. Yajko_ (1997), 77 Ohio St.3d 385, 674 N.E.2d 684 (attorney's theft of funds from his law firm on twenty separate occasions, each involving a different client, warranted indefinite suspension).

Accordingly, respondent is indefinitely suspended from the practice of law in Ohio.   As a condition of his reinstatement, respondent must make full restitution to the various financial institutions in accordance with his federal sentence, and he must also make full restitution to Ochieng.   Upon reinstatement, a mentor appointed by the Columbus Bar Association shall work with respondent during the first year following his reinstatement.

_Judgment accordingly._

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.