TOLEDO BAR ASSOCIATION *v.* WOOD.

[Cite as Toledo Bar Assn. *v.* Wood (1987), 32 Ohio St. 3d 166.]

(D.D. No. 86-30—Decided August 26, 1987.)

168

*Terrance J. Degnan, Edward A. Kemper,* and *Gerald L. Mills,* for relator.

*Per Curiam.* This court finds that respondent has been served with notice of the complaint and order to show cause. Pursuant to Gov. Bar R. VI, every attorney admitted to the practice of law in Ohio is required to file biennially a Certificate of Registration, and "to keep the Clerk of this Court apprised of his or her current residence address and office address, and notify the Clerk of any changes." Gov. Bar R. VI(6). Respondent has not complied with these requirements and therefore has no basis for complaint if he failed to receive any notice issued by this court. See *Ohio State Bar Assn.* v. *Bradley* (1978), 56 Ohio St. 2d 123, 10 O.O. 3d 310, 383 N.E. 2d 122.

Upon a full review of this matter, we find that the respondent's abrupt and unexplained termination of his law practice without making any provision for the legal matters entrusted to him, thereby failing to protect his clients' interests, and his failure to respond to relator's attempts to contact him in furtherance of its investigation, is conduct that adversely reflects upon his

fitness to practice law in violation of DR 1-102(A)(6). Respondent's failure to acknowledge any of relator's letters and his failure to answer the complaint or appear at the hearing of this matter is sufficient proof of his disregard for his professional status. *Ohio State Bar Assn.* v. *Talbott* (1979), 59 Ohio St. 2d 76, 13 O.O. 3d 64, 391 N.E. 2d 1028.

Accordingly, we adopt the recommendations of the board and hereby order that respondent, Roger Allen Wood, be indefinitely suspended from the practice of law. It is further ordered that the cost of these proceedings be taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.