AKRON BAR ASSOCIATION *v.* CHANDLER.

[Cite as *Akron Bar Assn. v. Chandler* (1992), 62 Ohio St.3d 471.]

(No. 91–1765—Submitted December 10, 1991—Decided February 12, 1992.)

*Joseph W. Gibson,* for relator.

*Charles W. Kettlewell* and *Mark H. Aultman,* for respondent.

---

HERBERT R. BROWN, J. This court finds that respondent violated the Disciplinary Rules in question. There is no question that drug trafficking poses a serious threat in today's society. There is also no question that serious violations deserve serious sanctions. However, the board recognized that the root cause of respondent's behavior was his substance dependency. We have difficulty finding that it is *impossible* for respondent to be rehabilitated from a chemical dependency.

We have noted an assumption among the bench and bar of Ohio that the sanction of indefinite suspension means a suspension for two years. This leaves the impression that there is no middle ground between a two-year suspension and permanent disbarment. In fact, however, an indefinite suspension is just that: indefinite. Although two years is the earliest time at which a party may petition for reinstatement from an indefinite suspension, Gov.Bar R. V(25), an indefinite suspension carries with it no assurance of reinstatement in two years, five years, ten years or indeed at any time. Each indefinite suspension is considered on the facts known at the time of petition for reinstatement, including the severity of the misconduct for which the sanction was imposed. We cannot conceive of any circumstances under which respondent could be reinstated prior to the time when the terms of his plea agreement have been fulfilled. Even after that time, the gravity of the underlying misconduct in this case would demand that an application for reinstatement receive meticulous scrutiny to insure that the public be protected and that the respondent has indeed been rehabilitated.

Considering the foregoing, together with the sanctions given in cases presenting similar fact patterns, see, *e.g., Cincinnati Bar Assn. v. Levin* (1983), 3 Ohio St.3d 25, 3 OBR 496, 445 N.E.2d 661 (attorney convicted of drug trafficking indefinitely suspended); *Disciplinary Counsel v. Soucek* (1988), 37 Ohio St.3d 42, 523 N.E.2d 513 (attorney convicted of possession, with intent to distribute, of six kilograms of cocaine and fifty thousand Quaaludes indefinitely suspended); *Disciplinary Counsel v. O'Neill* (1988), 39 Ohio St.3d 337, 530 N.E.2d 1317 (attorney convicted of possession of drug documents indefinitely suspended), we choose to accept the recommendations of the relator (the Akron Bar Association) and of the hearing panel, both of which recommended an indefinite suspension.

Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.

RESNICK, J., dissents.

ALICE ROBIE RESNICK, J., dissenting. I respectfully dissent from the majority decision and would permanently disbar respondent from the practice of law as the board has recommended.

The record in this case is very limited and it is difficult for me to determine how the panel came to the conclusion that respondent was "apparently engaged in a low-level enterprise to distribute cocaine * * *." At the time of respondent's arrest he was found to be in possession of eight hundred fifty grams of cocaine. This is not a low-level amount by anyone's standards. Not only was respondent using cocaine, but he was also trafficking in it in order to support his habit. Upon conviction he was sentenced to thirty-three months' incarceration by the federal court. There is no question that respondent has seriously violated the trust that was granted him when he was admitted to the practice of law.

I would follow the recommendation of the board and permanently disbar Chandler from the practice of law.