Office of Disciplinary Counsel *v.* Columbro.

[Cite as *Disciplinary Counsel v. Columbro*
(1993), 66 Ohio St.3d 195.]

(No. 92–2161—Submitted February 3, 1993—Decided May 12, 1993.)

*J. Warren Bettis,* Disciplinary Counsel, and *Karen B. Hull,* Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell,* for respondent.

---

*Per Curiam.* This court finds that respondent violated DR 1–102(A)(3), (4), (5) and (6). Respondent's actions were without question serious and, as such, warrant a serious sanction. However, we have difficulty finding that the situation here is more egregious, thereby warranting a greater sanction, than that found in *Akron Bar Assn. v. Chandler, supra.*

As an assistant prosecutor, respondent was indeed an entrusted public servant. However, it should be emphasized that *all* attorneys who practice law in this state are required to maintain the utmost degree of integrity, honesty, and competence. Any Disciplinary Rule violation by *any* attorney licensed in this state, whether by an attorney who happens to be an assistant prosecutor or an attorney who is in private practice, is a discredit to the profession, reflecting negatively on the judicial system as a whole.

The record before us reveals that respondent's violations were a product of his substance dependency. It appears that respondent has cooperated fully with all authorities. Further, respondent has admitted to his addiction, has sought professional help, and it appears, at this juncture, that respondent has begun to make some inroads towards rehabilitation.

Our review of the record, together with the sanction imposed in *Chandler,* and cases cited therein, convince us that the proper sanction in this case is an indefinite suspension. Our conclusion, however, is not intended to convey that we are not aware of the severity of the respondent's conduct. We are—but it should also be remembered that an indefinite suspension does not guarantee reinstatement at the conclusion of a two-year period. When an application for reinstatement from an indefinite suspension is filed, consideration as to reinstatement is then given based upon the facts as they are known and exist at the time of the filing of the petition for reinstatement.

It is our belief that to take all hope away from this, as the record reflects, recovering individual, would not be tempering justice with mercy. Accordingly, it is ordered that respondent be indefinitely suspended from the practice of law in this state, and that respondent not be granted credit for time already served. Costs taxed to respondent.

*Judgment accordingly.*

A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent.

MOYER, C.J., dissenting. I respectfully dissent from the decision of the majority and would adopt the recommendation of both the Board of Commissioners on Grievances and Discipline and its panel.

The majority relies upon *Akron Bar Assn. v. Chandler* (1992), 62 Ohio St.3d 471, 584 N.E.2d 677, in "tempering justice with mercy" because the majority has "difficulty finding that the situation here is more egregious, thereby warranting a greater sanction," than that found in *Chandler, supra.*

In *Chandler,* respondent pleaded guilty in federal court to the fifth count of an indictment charging him with knowingly or intentionally distributing cocaine. The board found that the respondent had become a substance abuser and had apparently engaged in a "low level" enterprise to distribute cocaine as a means of supporting his dependency. Relator, Akron Bar Association, and the board's panel both recommended an indefinite suspension, but the board recommended a permanent disbarment.

The difference in the conduct of the attorney in *Chandler* and the attorney here is profound. Chandler engaged in the "low level" enterprise of distributing cocaine to maintain his addiction. Columbro used his access, his position of trust as an assistant prosecuting attorney, to remove cocaine from the place where evidence was held pending trial. The fact that the record reflects no actual impact on the prosecution of a case is hardly mitigating of respondent's conduct in support of his personal drug dependency. Unlike *Chandler*'s plea to a single count, respondent here pled guilty to twenty counts of drug abuse and sixteen counts of theft in office.

The question is not, as the majority suggests, whether respondent can perhaps rehabilitate himself from his drug dependency. The issue is whether this court should, as recommended by the board, draw a line on misuse of public office where there is a potential impact upon the evidence available for prosecution in pending cases.

The panel and the board offered a bright-line message; we should apply it and disbar respondent for his blatant abuse of his public office.

PFEIFER, J., concurs in the foregoing dissenting opinion.