CINCINNATI BAR ASSOCIATION *v.* MARSICK.

[Cite as *Cincinnati Bar Assn. v. Marsick* (1998), 81 Ohio St.3d 551.]

(No. 97–2257—Submitted January 21, 1998—Decided April 29, 1998.)

*Robert F. Laufman* and *Sue Livensparger,* for relator.

*James N. Perry,* for respondent.

*Per Curiam.* We accept the findings of the panel and its conclusion with respect to the Disciplinary Rules violated by respondent.

This case involves the application of those rules to an attorney who suppresses evidence when responding to interrogatories during discovery. The United States Court of Appeals was outspoken on the subject when it stated, "Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case. * * * [C]ounsel's actions * * * show contempt for the rules of discovery and violate the trust placed in counsel to obey the fundamental rules of the court. In doing so, counsel prevented the Plaintiffs from fully and fairly presenting their case." *Abrahamsen v. Trans–State Express, Inc.* (C.A.6, 1996), 92 F.3d 425, 428–429.

A discovery request raises an obligation to produce the evidence sought when it is relevant and not privileged. Concealing evidence that is clearly requested is tantamount to deceiving both opposing counsel and the court. We have consistently imposed sanctions for lying to clients, to opposing counsel, and to the court. *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d 13, 16, 655 N.E.2d 1299, 1301; *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237; and *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 667 N.E.2d 1186.

In *Florida Bar v. Rood* (1990), 569 So.2d 750, the Florida Supreme Court suspended an attorney for one year for falsely answering interrogatories. We agree with Florida Justice Ehrlich, who, in dissent, advocating a more severe sanction, stated, "The integrity of the individual lawyer is the heart and soul of our adversary system [that] depends on the integrity, honesty, moral soundness, and uprightness of the lawyer. * * * There can be no breach or compromise in that essential quality of an officer of the court without seriously undermining our entire adversary system." *Id.* at 753. In *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 27 OBR 447, 501 N.E.2d 617, we upheld the disqualification of a lawyer, appearing *pro hac vice*, who concealed evidence during discovery.

In this case, we adopt the recommendation of the board that the appropriate sanction is actual suspension. Respondent is hereby suspended from the practice of law in Ohio for six months. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.