AKRON BAR ASSOCIATION *v.* CHANDLER.

[Cite as *Akron Bar Assn. v. Chandler* (1998), 82 Ohio St.3d 1201.]

(No. 91–1765—Submitted April 8, 1998—Decided April 29, 1998.)

ON PETITION FOR REINSTATEMENT.

This cause came on for further consideration upon the filing of a petition for reinstatement by respondent, James A. Chandler, a.k.a. James Allen Chandler. In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The Board of Commissioners on Grievances and Discipline filed its Final Report in this court on February 26, 1998, recommending that James A. Chandler, a.k.a. James Allen Chandler, be reinstated to the practice of law in the state of Ohio with continued involvement with the Ohio Lawyers Assistance Program. No objections to said Final Report were filed.

The court now considers its order of February 12, 1992, indefinitely suspending respondent, James A. Chandler, a.k.a. James Allen Chandler, from the practice of law pursuant to former Gov.Bar R. V(7)(b), now Gov.Bar R. V(6)(B)(2). On consideration thereof, and the Final Report of the Board of Commissioners on Grievances and Discipline,

IT IS ORDERED by the court that the respondent, James A. Chandler, a.k.a. James Allen Chandler, Attorney Registration No. 0009580, last known address in Beaver, Ohio, be, and hereby is, reinstated to the practice of law in Ohio with continued involvement with the Ohio Lawyers Assistance Program.

IT IS FURTHER ORDERED by the court that respondent be taxed the costs of these proceedings in the amount of $754.63, less the deposit of $500, for a total balance due of $254.63, which costs shall be payable to this court on or before ninety days from the date of this order, by certified check or money order. It is further ordered that if these costs are not paid in full on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue as of ninety days from the date of this order, on the balance of unpaid board costs. It is further ordered that if costs are not paid in full on or before ninety days from the date of this order, respondent may be found in contempt and may be suspended until costs, including any accrued interest, are paid in full.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Akron Bar Assn. v. Chandler* (1992), 62 Ohio St.3d 471, 584 N.E.2d 677.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.