**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 551.]**

CINCINNATI BAR ASSOCIATION *v*. MARSICK.

**[Cite as *Cincinnati Bar Assn. v. Marsick*, 1998-Ohio-337.]**

*Attorneys at law—Misconduct—Six-month suspension—Abuse of pretrial discovery process—Suppressing evidence when responding to interrogatories during discovery.*

(No. 97-2257—Submitted January 21, 1998—Decided April 29, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-108.

_____

{¶ 1} On December 9, 1996, relator, Cincinnati Bar Association, filed a complaint charging that in abusing the pretrial discovery process respondent, Philip J. Marsick of Cincinnati, Ohio, Attorney Registration No. 0018685, violated several Disciplinary Rules. After respondent answered the charges, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that at approximately 2:00 a.m. on May 1988, Ronald E. Reagan, operating a tractor-trailer for Trans-State Express, Inc., struck a parked car owned by James Abrahamsen, killing Abrahamsen's wife, Gloria, who was a passenger in the car. Abrahamsen, individually and as executor of his wife's estate, sued Reagan and the trucking company ("defendants") in the United States District Court, Southern District of Ohio, Western Division, for injuries to himself and for wrongful death damages on behalf of his daughter and his wife's parents. The defendants employed respondent, who filed an answer on their behalf denying liability and asserting the affirmative defense of contributory negligence. Defendants also countersued Abrahamsen for contribution.

**{¶ 3}** During his investigation, respondent obtained the statement of a tow-truck driver who arrived at the scene shortly after the accident that defendant Reagan had said that he had dozed off at the wheel. Respondent failed to reveal this information when the plaintiffs specifically asked in interrogatories whether the defendants had interviewed anyone in the aftermath of the collision and whether they knew of anyone on the scene within two hours of the collision who had knowledge about the collision. When asked by the plaintiff to supplement the defendants' answers to these specific interrogatories, respondent still failed to reveal the information about the tow-truck driver.

**{¶ 4}** Defendant Reagan consistently testified or acknowledged at his deposition, in a sworn statement, at his criminal appearances, and at the Abrahamsen trial, that he struck the Abrahamsen car when he swerved to avoid a deer. Reagan also testified that he had never made a statement to anyone that would contradict this version of the events.

**{¶ 5}** The jury found the defendants negligent, but found them only seventy percent responsible for the accident. Although the judgment in favor of Abrahamsen was reduced by thirty percent because he was found to be contributorily negligent, the judgment required that defendants pay Abrahamsen's daughter and his wife's parents one hundred percent of their damages. That judgment was affirmed on appeal. *Abrahamsen v. Trans-State Express, Inc.* (C.A.6, 1994), 24 F.3d 804.

**{¶ 6}** Defendants then filed a motion for contribution against Abrahamsen for thirty percent of the payments they were required to make to the daughter and the parents. The motion was granted and Abrahamsen appealed. During negotiations while the appeal was pending, respondent revealed the tow-truck driver's statement to Abrahamsen's attorneys.

**{¶ 7}** Abrahamsen and the other plaintiffs filed a motion for relief from judgment under Fed.R.Civ.P. 60(b). The trial court vacated the original judgment

2

and the contribution judgment, and ordered that one hundred percent of the damages be paid by defendants. The court of appeals affirmed that judgment, saying, "in the light of new evidence, the jury's conclusion that Mr. Abrahamsen was thirty percent liable would be unreasonable and cannot be sustained." It returned the case to the trial court to consider sanctions against respondent. *Abrahamsen v. Trans-State Express, Inc*. (C.A.6, 1996), 92 F.3d 425, 429-430. When the case was returned, the trial court adopted the decision of the appellate court as a "severe reprimand" against respondent.

**{¶ 8}** The panel concluded that respondent had clearly and convincingly violated DR 7-102(A)(3) (concealing or knowingly failing to disclose that which an attorney is required by law to reveal), 7-102(A)(7) (counseling or assisting a client in conduct that the lawyer knows to be illegal or fraudulent), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 7-102(A)(5) (knowingly making a false statement of law or fact), and 7-109(A) (suppressing any evidence that he or his client has a legal obligation to reveal or produce). The panel considered respondent's explanations for his conduct and recommended that he be publicly reprimanded. The board accepted the panel's findings and conclusions, but recommended that respondent be suspended from the practice of law for six months.

————————————

*Robert F. Laufman* and *Sue Livensparger,* for relator.

*James N. Perry,* for respondent.

————————————

***Per Curiam.***

**{¶ 9}** We accept the findings of the panel and its conclusion with respect to the Disciplinary Rules violated by respondent.

**{¶ 10}** This case involves the application of those rules to an attorney who suppresses evidence when responding to interrogatories during discovery. The

United States Court of Appeals was outspoken on the subject when it stated, "Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case. * * * [C]ounsel's actions * * * show contempt for the rules of discovery and violate the trust placed in counsel to obey the fundamental rules of the court. In doing so, counsel prevented the Plaintiffs from fully and fairly presenting their case." *Abrahamsen v. Trans-State Express, Inc*. (C.A.6, 1996), 92 F.3d 425, 428-429.

{¶ 11} A discovery request raises an obligation to produce the evidence sought when it is relevant and not privileged. Concealing evidence that is clearly requested is tantamount to deceiving both opposing counsel and the court. We have consistently imposed sanctions for lying to clients, to opposing counsel, and to the court. *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d 13, 16, 655 N.E.2d 1299, 1301; *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237; and *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 667 N.E.2d 1186.

{¶ 12} In *Florida Bar v. Rood* (1990), 569 So.2d 750, the Florida Supreme Court suspended an attorney for one year for falsely answering interrogatories. We agree with Florida Justice Ehrlich, who, in dissent, advocating a more severe sanction, stated, "The integrity of the individual lawyer is the heart and soul of our adversary system [that] depends on the integrity, honesty, moral soundness, and uprightness of the lawyer. * * * There can be no breach or compromise in that essential quality of an officer of the court without seriously undermining our entire adversary system." *Id*. at 753. In *Royal Indemn. Co. v. J.C. Penney Co*. (1986), 27 Ohio St.3d 31, 27 OBR 447, 501 N.E.2d 617, we upheld the disqualification of a lawyer, appearing *pro hac vice,* who concealed evidence during discovery.

**{¶ 13}** In this case, we adopt the recommendation of the board that the appropriate sanction is actual suspension.  Respondent is hereby suspended from the practice of law in Ohio for six months.  Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____