CINCINNATI BAR ASSOCIATION *v.* WALLACE.

[Cite as *Cincinnati Bar Assn. v. Wallace* (1998), 83 Ohio St.3d 496.]

(No. 98–780—Submitted August 19, 1998—Decided November 4, 1998.)

497

498

*Beth Silverman* and *John B. Pinney,* for relator.

*John H. Burlew,* for respondent.

*Per Curiam.* After review, we concur with the findings, conclusions, and recommendation of the board, including finding that respondent's conduct "was sufficiently inappropriate, unprofessional, and improper" to sustain a violation of DR 1–102(A)(6). We reject the objections filed by both relator and by respondent to the board's findings, conclusions, and recommendation.

We find that relator did not establish by clear and convincing evidence that respondent participated in an act intended to "hinder, delay, or defraud" creditors or otherwise violated R.C. 1336.04. Daniels's enforcement action was for contempt, not to reduce the arrearage to judgment. Also, Bolin had lived in the Hunter Avenue property periodically since 1978, a lifelong connection known to Daniels and his ex-wife, and disclosed in Bolin's answers to the Namanworth interrogatories. Bolin's ownership in that property was also a matter of public record, and the transfer to Regina Bolin was done openly and publicly. Moreover, proceeds from the sale of that real estate were used to pay on the October agreed entry, as the parties contemplated. Finally, Bolin testified that Regina Bolin insisted on this transfer, and that he transferred the property to appease his wife. No evidence was introduced to contradict this claim.

Nor did relator establish by clear and convincing evidence that respondent acted fraudulently or assisted her client in acting fraudulently by responding "none" to the interrogatory. Before the interrogatory was received, respondent had already prepared a deed to transfer the property, and a month before the interrogatory was returned, the property had been transferred. By analogy, the United States Supreme Court has found that the federal perjury statute does not reach a witness's literally true, but unresponsive answer, even if the witness intends to mislead the questioner by his answer. See *Bronston v. United States* (1973), 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568.

Contrary to respondent's claims, the board accorded her due process and she had fair notice that her professional conduct in representing Bolin, by preparing a quitclaim deed and assisting him in answering the interrogatories, had been challenged. See *In re Ruffalo* (1968), 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117; *Toledo Bar Assn. v. Wood* (1987), 32 Ohio St.3d 166, 512 N.E.2d 671. The

fact that she was found to have violated DR 1–102(A)(6), in essence an included offense to the charged violations of DR 1–102(A)(4), 7–102(A)(3), and DR 7–102(A)(5), was of no consequence.

On the basis of clear and convincing evidence, we find respondent's conduct to be improper and unprofessional, which adversely reflects on her fitness to practice law, a violation of DR 1–102(A)(6). "*[A]ll* attorneys who practice law in this state are required to maintain the utmost degree of integrity, honesty, and competence." (Emphasis *sic.*) *Disciplinary Counsel v. Columbro* (1993), 66 Ohio St.3d 195, 197, 611 N.E.2d 302, 304. Respondent knew that her conduct was improper because she repeatedly warned Bolin, who insisted on the transfer, that the transfer was "stupid." At one point respondent asserted that she told Bolin this deed "was a fraudulent conveyance," but she later denied advising Bolin in those terms. Also, respondent's participation in returning the answered interrogatory, marked "none," shows a serious lack of the professionalism expected of those licensed to practice law. Abuses of an attorney's obligations during the discovery process will not be tolerated. See *Cincinnati Bar Assn. v. Marsick* (1998), 81 Ohio St.3d 551, 692 N.E.2d 991. Although respondent could not disclose client confidences, she could have disclosed the publicly recorded deed to opposing counsel, after advising her client of her intention to do so. For her misconduct in violation of DR 1–102(A)(6), respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.