OFFICE OF DISCIPLINARY COUNSEL *v.* WRENN.

[Cite as *Disciplinary Counsel v. Wrenn,*
99 Ohio St.3d 222, 2003-Ohio-3288.]

(No. 2002–2181—Submitted March 25, 2003—Decided July 9, 2003.)

LUNDBERG STRATTON, J.

{¶ 1} Respondent, Thomas C. Wrenn of Warren, Ohio, Attorney Registration No. 0051952, was admitted to the practice of law in this state in May 1991. At all times relevant to this formal complaint, respondent was serving as an Assistant Prosecuting Attorney in Trumbull County, Ohio.

{¶ 2} In June 1999, the Trumbull County Sheriff's Department was informed that a 12–year–old boy had reportedly been the victim of criminal sexual activity. The boy had reported that, in May 1999 and on June 5, 1999, he and Leonard M. Derr, a man involved in the boy's youth baseball program, were in Derr's car. The boy alleged that sexual activity occurred in the car when Derr pulled it off to the side of the road. The boy did not report the May 1999 incident until after the June 5, 1999 incident.

{¶ 3} On June 9, 1999, Trumbull County Sheriff's Detective Jane Timko went to the boy's home to investigate. She took a statement from him and collected evidence, which included some of the clothing he had been wearing on June 5, 1999. On June 28, 1999, 11 items, including a towel, items from Derr's car, the boy's shirt, and various pieces of the boy's clothing were sent to the Ohio Bureau of Criminal Investigation and Identification ("BCI") for analysis.

{¶ 4} On June 29, 1999, the Trumbull County Grand Jury returned a three-count indictment against Derr. Count I alleged gross sexual imposition with regard to the May 1999 incident. Counts II and III alleged gross sexual imposition and rape, respectively, with regard to the June 5, 1999 incident. Through his attorney, Philip M. Vigorito, Derr pleaded not guilty to all three counts. On June 30, 1999, Vigorito filed a request for discovery for, inter alia, results or reports of any scientific tests or laboratory analyses pursuant to Crim.R. 16.

{¶ 5} BCI confirmed the presence of semen on the boy's shirt but did not reveal whose it was. Blood samples were submitted to BCI on August 11, 1999, to determine the source of the semen. Sometime prior to October 12, 1999, a scientist at BCI telephoned Detective Timko to inform her of the results of the analysis. Timko verbally informed respondent that the victim, not Derr, was the source of the semen on the boy's shirt. Respondent asked Timko to make arrangements for him to interview the victim.

{¶ 6} On October 12, 1999, the trial court conducted a pretrial in the Derr case. Neither Timko nor respondent had yet received a written report from BCI. The following exchange took place at the pretrial:

{¶ 7} "MR. VIGORITO: I believe the State is still waiting for test results from BCI and at this time we'd like to reset this for two weeks from today for another follow-up pretrial.

{¶ 8} "[RESPONDENT]: That's all correct.

{¶ 9} "* * *

{¶ 10} "THE COURT: Very well. We will reset this for two weeks. That will be October 26th. And obviously if any results come in you'll indicate the nature of those results to the Defendant as soon as possible.

{¶ 11} "[RESPONDENT]: That's correct."

{¶ 12} Later that day, respondent interviewed the victim and the boy changed his previous story that the semen on his shirt was Derr's and conceded that it was his own. No one else heard this interview.

{¶ 13} Respondent left for vacation on Friday, October 15, 1999, and did not return to his office until Monday, October 25, 1999. The court held another pretrial on October 26, 1999, at which Derr pled guilty to Count I of the indictment (gross sexual imposition) and the state dismissed the other two counts of the indictment. Respondent did not inform Vigorito or the court of the verbal report of the DNA test results or his October 12, 1999 interview with the victim. Respondent did not disclose this information during the presentence investigation or Derr's sentencing hearing. Derr was sentenced to three years in prison.

{¶ 14} Sometime after sentencing, Vigorito informed the court that he had just learned that the lab tests had been completed prior to the guilty plea and that the information had not been produced through discovery. Vigorito subsequently filed a motion to withdraw Derr's guilty plea. The court granted the motion on January 7, 2000.

{¶ 15} On April 27, 2000, the court denied Derr's motion to dismiss the indictment. On July 31, 2000, Derr pleaded guilty to the same count that he had pled to on October 26, 1999. Once again, Counts II and III were dismissed. The

court imposed the same sentence upon Derr as it originally had with credit for time served.

{¶ 16} On June 11, 2001, relator, Office of Disciplinary Counsel, charged respondent with misconduct in violation of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based upon testimony and the parties' stipulations, determined that respondent had violated DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR 7–102(A)(3) (concealing or knowingly failing to disclose that which he is required by law to reveal), and DR 7–103(B) (failing to timely disclose, as a public prosecutor in criminal litigation, to counsel for the defendant the existence of evidence that tends to negate guilt, mitigate, or reduce punishment).[1] The panel further concluded that relator failed to prove a violation of DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 17} The panel heard mitigating evidence that respondent, age 61, was also a clinical psychologist and school psychologist. He has no previous disciplinary matters. There was testimony from attorneys and other professionals as to his good character and reputation. Two judges from Trumbull County submitted positive character letters. Respondent fully and freely cooperated in the proceedings. There was no dishonest or selfish motive and no chemical dependency issue. Finally, there were no aggravating factors.

{¶ 18} Two members of the panel, taking into consideration the substantial mitigating factors, recommended that respondent be publicly reprimanded. The third panel member opined that respondent misrepresented the results of the DNA testing to the judge and to opposing counsel, a DR 1–102(A)(4) violation. The dissenting panel member recommended a six-month suspension and that the suspension be stayed.

{¶ 19} Pursuant to Gov.Bar R. V(6)(L), the Board of Commissioners on Grievances and Discipline adopted the findings of fact and conclusions of law of the panel. However, the board found a violation of DR 1–102(A)(4) and adopted the dissenting panel member's recommendation that respondent be suspended from the practice of law for six months with the entire six-month suspension stayed, costs to respondent.

{¶ 20} Relator objects to the board's recommended sanction and urges us to impose an actual six-month suspension from the practice of law due to respon-

---

1. Respondent was also charged with violations of DR 7–102(A)(8), 7–109(A) and 5–102(B). Relator dismissed these charges at the hearing before the panel of the Board of Commissioners on Grievances and Discipline.

dent's significant breach of four Disciplinary Rules. Relator contends that the board improperly evaluated certain aggravating factors.

{¶ 21} Respondent breached his duties as an officer of the court and his public responsibility as an assistant prosecutor. He had ethical and legal obligations to disclose discoverable information that was relevant, exculpatory, and not privileged and he failed to do so on more than one occasion. We do not accept respondent's assertion that it was an innocent misrepresentation. When the court inquired about the DNA test results at the pretrial, respondent failed to disclose that he had knowledge that testing was complete and the results were favorable to Derr.

{¶ 22} Respondent also contends that the secondhand verbal report was merely hearsay. When there is an obligation to disclose, an attorney does not have the discretion to determine whether the discoverable information may constitute admissible evidence. He knew the DNA results at the October pretrial. When the court asked about those results, respondent remained silent. He continued to remain silent throughout the remainder of the proceedings about the DNA results and the changes in the victim's story. This information, however, was material to Derr's defense. The fact that Derr's eventual conviction and sentence were the same as the original does not diminish respondent's wrongdoing. Material information that is not made known to a defendant or opposing party may have significant implications on the outcome of a case.

{¶ 23} Here, the respondent knew that the DNA testing had been completed and that it was not Derr's semen on the victim's shirt. The fact that the information was not yet provided in the form of a written report does not negate respondent's duty to disclose the information. In addition, the respondent knew that the victim had changed his story about the source of that semen and neglected to inform Derr's counsel. Whether or not the DNA test results were implicated in the plea actually negotiated, the credibility of the victim certainly was an issue. Respondent's failure to disclose the information before the first plea was inexcusable and undermined the integrity of the criminal justice system. The failure to disclose this information violated four Disciplinary Rules and warrants the imposition of sanctions.

{¶ 24} Relator contends that an actual six-month suspension should be imposed because respondent violated multiple Disciplinary Rules and refuses to admit to his wrongdoing. In other disciplinary cases where there has been deception or a failure to disclose information, we have imposed a six-month suspension from the practice of law, sometimes actual, other times stayed. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818; *Cincinnati Bar Assn. v. Marsick* (1998), 81 Ohio St.3d 551, 692 N.E.2d 991; *Disciplinary*

*Counsel v. Jones* (1993), 66 Ohio St.3d 369, 613 N.E.2d 178. The appropriate sanction depends upon the particular facts of that case.

{¶ 25} Here, respondent acknowledges that his professional judgment may have been wrong, but he maintains that the verbal report from a police detective was hearsay and not reliable information. Respondent has been involved in no other disciplinary matters in his 12 years as an attorney. With his background in child psychology, he is well suited to prosecuting child abuse cases. Therefore, in light of all respondent's mitigating factors, we believe that a six-month suspension with the entire period stayed is appropriate.

{¶ 26} We concur with the board's findings and recommendation. Respondent is hereby suspended from the practice of law in Ohio for six months with the entire six-month suspension stayed. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, F.E. SWEENEY, FAIN and O'CONNOR, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent.

MIKE FAIN, J., of the Second Appellate District, sitting for COOK, J.

---

**MOYER, C.J., dissenting.**

{¶ 27} I reject the sanction imposed by the majority in this case. Respondent violated four Disciplinary Rules, and a six-month suspension with the entire suspension stayed, is inadequate punishment for such egregious behavior.

{¶ 28} Respondent withheld discoverable information and thereby breached his duties as an officer of the court and his responsibility to the public as an assistant prosecutor. Moreover, this behavior was not a single isolated incident, as respondent failed to disclose relevant, exculpatory, nonprivileged information on several occasions.

{¶ 29} I agree with the majority that respondent's behavior was "inexcusable and undermined the integrity of the criminal justice system." It is for this very reason, however, that I disagree with the sanction imposed. A more stringent sanction is warranted in this case.

{¶ 30} Respondent's lapses in ethical judgment cause me to conclude that a six-month suspension, with no portion stayed, is appropriate in this case.

PFEIFER, J., concurs in the foregoing dissenting opinion.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Charles L. Richards, for respondent.