OPINION
{¶ 1} This appeal arose out of a divorce action in Coshocton County and concerns the equitable division of property of the parties, including potential Social Security benefits and orders relating thereto and spousal support.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties to this action were married on February 14, 1981, with no children resulting therefrom.
 {¶ 3} The parties separated on October 25, 2002, with the divorce proceedings being commenced on February 3, 2004.
 {¶ 4} Five Assignments of Error are raised.
 ASSIGNMENTS OF ERROR {¶ 5} "I. TRIAL COURT ERRED BY INCLUDING THE POTENTIAL SOCIAL SECURITY BENEFITS OF BOTH PARTIES IN THE PROPERTY DIVISION CALCULATIONS AS SUCH INCLUSION IS DISCRETIONARY PURSUANT TO NEVILLE v. NEVILLE (2003),99 Ohio St.3d 275.
 {¶ 6} "II. IN THE ALTERNATIVE, TRIAL COURT ERRED BY NOT INCLUDING THE WIDOW'S BENEFIT IN PLAINTIFF-APPELLEE'S POTENTIAL SOCIAL SECURITY BENEFITS WHEN CONDUCTING THE SOCIAL SECURITY OFFSET AS SET FORTH INNEVILLE V. NEVILLE (2003), 99 Ohio St.3d 275.
 {¶ 7} "III. TRIAL COURT ERRED IN APPLYING THE FACTORS OF SECTION 3105.171(F) TO THE FACTS AND CIRCUMSTANCES OF THE CASE AT BAR AND, THEREFORE FAILED TO REACH AN EQUITABLE RESULT WHEN IT ORDERED DEFENDANT-APPELLANT TO PAY PLAINTIFF-APPELLEE A LARGE EQUALIZATION PAYMENT WITHIN NINETY (90) DAYS FROM THE DATE OF FILING OF THE JUDGMENT ENTRY-DECREE OF DIVORCE.
 {¶ 8} "IV. TRIAL COURT ABUSED ITS DISCRETION IN APPLYING THE FACTORS OF SECTION 3105.18(C)(1) TO THE FACTS AND CIRCUMSTANCES OF THE CASE AT BAR AND THEREFORE, FAILED TO REACH AN EQUITABLE RESULT WHEN IT AWARDED SPOUSAL SUPPORT TO PLAINTIFF-APPELLEE.
 {¶ 9} "V. THE TRIAL COURT'S ORDER REQUIRING DEFENDANT-APPELLANT TO EQUALLY DIVIDE HIS 2004 INCOME TAX REFUND WITH PLAINTIFF-APPELLEE CONSTITUTES AN ABUSE OF DISCRETION AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} The standards of abuse of discretion and manifest weight of the evidence are asserted.
 {¶ 11} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 12} In reviewing the records under the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine Awhether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.State v. Martin (1983), 20 Ohio App.3d 172. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230.
 I., II. {¶ 13} We shall discuss the First and Second Assignments together.
 {¶ 14} The factual findings and orders relative to the Social Security benefits were found by the magistrate and approved by the trial court as follows:
 {¶ 15} "The parties have earned Social Security benefits accumulated during their 24 years of marriage. These benefits were reviewed and the present values were determined in light of Neville v. Neville,99 Ohio St. 3d 275, 791 N.E. 2d 434 (2003) by expert witnesses David I. Kelley, CFP, and Dauna Hutter. Neither expert testified at trial as to their qualifications as expert witnesses. However, Joint Exhibit 2, was stipulated to by the parties by a stipulation filed December 27, 2004, and the said report was also stipulated into evidence.
 {¶ 16} "The report includes valuations of Social Security payments to be received, including wages earned benefits for Husband and wages, earnings, spousal, and widow benefits to be received by Wife based on only the current benefits accrued and based on the projected benefits to be accumulated by the parties, assuming a continuation of earnings by the parties during the years 2003 and part of 2004. Both parties testified that they expect to continue in their present employment and earn at approximately their current rate of pay, Joint Exhibit 2, page 2.
 {¶ 17} "The report provides that the projected benefit approach is used because `. . . We have quantified the most common scenario knowing individual cases may demand a different approach. The basic scenario considered in this report is the status quo: that the current larger wage earner will remain the larger wage earner and the actuarial tables are basically correct . . .' Joint Exhibit 2, page 3.
 {¶ 18} "The report values the benefits based on computing a present value of the Social Security payment each spouse is to receive, and the amount each is to receive is based on a conservative projection of that benefit. Joint Exhibit 2, page 3.
 {¶ 19} "The report provides that the projected benefit of Husband is $111,614.29. (See page marked Ben C. Lawson Client Datasheet Projected, Datasheet 1.)
 {¶ 20} "The report provides that the projected benefit of Wife is $69,807.63. (See page marked Nancy L. Lawson Client Datasheet Projected, Datasheet 2.)
 {¶ 21} "The above amount for Wife does not include any divorced widow benefit as all the following requirements must be met in order for Wife to qualify:
 {¶ 22} "Must have been married for at least 10 years to a worker who died fully insured;
 {¶ 23} "Must be at least age 60 (50 if disabled!);
 {¶ 24} "Must not be married unless the marriage took place after reaching age 60;
 {¶ 25} "Must not be eligible for a benefit greater than the widow(er) ' s benefit."
 {¶ 26} "* * *Husband shall retain his Social Security benefits which have a net present value of $111,164.29. Wife shall retain her Social Security benefits which have a net present value of $69,807.63. These benefits are not available for division but are taken into account for purposes of making an equitable property division."
 {¶ 27} In addition to stating that future Social Security benefits may be considered in making an equitable division of marital property in relation to all marital assets, the Supreme Court in Neville v.Neville (2003), 99 Ohio St.3d 225, also reitered that since a trial court has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion.
 {¶ 28} Revised Code § 3105.171 references marital property generally and sets forth guidelines and factors to consider.
 {¶ 29} Such statute provides in part:
 {¶ 30} "(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
 {¶ 31} "* * *(2) Each spouse shall be considered to have contributed equally to the production and acquisition of marital property.
 {¶ 32} "(E)(1) The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property. The court may require any distributive award to be secured by a lien on the payor's specific marital property or separate property.
 {¶ 33} "(2) The court may make a distributive award in lieu of a division of marital property in order to achieve equity between the spouses, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome."
 {¶ 34} The problem with the First Assignment and the alternative Second Assignment is inherently contained therein in that underNeville, supra, the determination as to the inclusion or exclusion of Social Security benefits is admittedly discretionary.
 {¶ 35} Therefore, we must determine whether an abuse of discretion occurred.
 {¶ 36} Under Blakemore, supra, an examination of the overall record fails to produce such an abuse of discretion.
 {¶ 37} We must, accordingly reject the First and Second Assignments of Error.
 III. {¶ 38} As to the Third Assignment, while it is true that a possible burden may occur as to the payment of the equalization payment within 90 days, the argument in the brief of Appellant that he will be taking on substantially new debt within such period is not entirely accurate as the equalization payment, taking into consideration the present debt on the residence Appellant receives is just what the term equalization means. It is a division of property, which in this case may require a refinancing.
 {¶ 39} We find that the trial court has attempted to exercise its discretion pursuant to R.C. 3105.171(C)(1), which provides:
 {¶ 40} "Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."
 {¶ 41} Revised Code 3105.171 specifically referenced the factors required by statute to be considered.
 {¶ 42} No abuse of discretion occurred.
 {¶ 43} The Third Assignment is rejected.
 IV. {¶ 44} The Fourth Assignment asserts error as to the spousal support. We disagree.
 {¶ 45} Revised Code § 3105.18 provides in part:
 {¶ 46} "(A) As used in this section, "spousal support" means any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or a former spouse, that is both for sustenance and for support of the spouse or former spouse. "Spousal support" does not include any payment made to a spouse or former spouse, or to a third party for the benefit of a spouse or former spouse, that is made as part of a division or distribution of property or a distributive award under section 3105.171 of the Revised Code.
 {¶ 47} "(B) In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party. During the pendency of any divorce, or legal separation proceeding, the court may award reasonable temporary spousal support to either party.
 {¶ 48} "An award of spousal support may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, from future income or otherwise, as the court considers equitable.
 {¶ 49} "Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise.
 {¶ 50} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 51} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 52} "(b) The relative earning abilities of the parties;
 {¶ 53} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 54} "(d) The retirement benefits of the parties;
 {¶ 55} "(e) The duration of the marriage;
 {¶ 56} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 57} "(g) The standard of living of the parties established during the marriage;
 {¶ 58} "(h) The relative extent of education of the parties;
 {¶ 59} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 60} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 61} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 62} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 63} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 64} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 65} An examination of the magistrate's decision on pages 9, 10 and 11 again clearly shows a consideration of the listed factors of such statute with no abuse of discretion.
 {¶ 66} This Fourth Assignment is not well taken.
 V. {¶ 67} The Fifth Assignment concerns the income tax refund division with the argument based on abuse of discretion and absence of manifest weight of the evidence in support of such division.
 {¶ 68} Again, we must disagree as the court was attempting an equalization between the parties of either the obligation to each of payment of a tax due on receipt of refund.
 {¶ 69} We find no abuse of discretion and that evidence in totality supports such decision.
 {¶ 70} The Fifth Assignment is denied.
 {¶ 71} The judgment of the Coshocton County Court of Common Pleas is affirmed.
By: Boggins, J., Wise, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs assessed to appellant.